UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James Martin Graham,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | **Civil Action No. 20-210 (CKK)** |
| : | |
| **United States Federal Bureau** : | |
| **of Investigation,** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM OPINION**

Plaintiff, a federal prisoner appearing *pro se*, brought this action to compel the Federal Bureau of Investigation (FBI) to release records under the Freedom of Information Act ("FOIA") and the Privacy Act ("PA"). Pending is Defendant's Motion for Summary Judgment [Dkt. # 32]. Plaintiff has opposed the motion [Dkt. # 34], and defendant has replied [Dkt. # 38]. For the following reasons, defendant's motion will be granted.

**I. BACKGROUND**

The relevant facts set out in defendant's Statement of Material Facts Not in Genuine Dispute, Dkt. # 32-1, are undisputed. On May 18, 2017, plaintiff executed a written agreement to plead guilty in the U.S. District Court for the Southern District of Georgia to one count of possession of child pornography in exchange for, among other things, dismissal of two counts of distribution of child pornography and one count of receiving child pornography. By his signature, plaintiff acknowledged the following:

> I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. I have read and carefully reviewed this agreement with my counsel. I understand each provision of this agreement, and I voluntarily agree to it. I hereby

1

> stipulate that the factual basis set out therein is true and accurate in every respect.

Decl. of Michael G. Seidel, Ex. C (Plea Agreement) [Dkt. # 32-3 at 36]. Under Section 9 of the agreement titled "Waivers," plaintiff waived his right to directly appeal his conviction and sentence save exceptions not relevant here; his right to collaterally attack the conviction and sentence except on the basis of ineffective assistance of counsel; and, most relevant,

> all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

Plea Agreement ¶ 9c ("FOIA waiver provision"). At a plea hearing on July 7, 2017, the prosecuting attorney provided an oral summary of the terms of the plea agreement, including plaintiff's waiver of "all rights to request information about the investigation and the prosecution of his case under the Freedom of Information Act and the Privacy Act." Change of Plea Hr'g Tr. [Dkt. # 32-5 at 26-28]. Plaintiff answered yes to the presiding judge's questions regarding the accuracy of the prosecutor's summary and the negotiated agreement. *Id*. at 28:19-25. In December 2021, the sentencing court denied plaintiff's motion to vacate under 28 U.S.C. § 2255, finding, among other things, that he had received effective assistance of counsel. *Graham v. United States*, No. 2:17-cr-2, 2021 WL 5858585 (S.D. Ga. Nov. 12, 2021), *report and recommendation adopted*, No. 2:17-cr-2, 2021 WL 5855839 (S.D. Ga. Dec. 8, 2021).

Meanwhile, on August 7, 2019, plaintiff submitted a FOIA/PA request to defendant FBI stating in relevant part:

> I request a copy of any and all records referencing me: James Martin Graham . . . that are maintained at the FBI offices. . . . This is a

2

> request for (1) All electronic (ESLUR) surveillance search warrants. . . ; (2) the Brand Name of the tech tools/software programs used to perform digital forensics on my PC(s) . . . ; (3) All #302 investigator(s)' case notes and reports; (4) All records for and regarding Federal Case No. 2:17-CR-002 in the United States District Court for the Southern District of Georgia, Brunswick Division (11th Cir).

Seidel Decl., Ex. A [Dkt. # 32-3 at 15-16]. By letter of August 23, 2019, defendant summarily denied plaintiff's request based on the foregoing FOIA waiver provision. *Id*., Ex. B [Dkt. # 32-3 at 20].

In response to this lawsuit filed on January 23, 2020, the FBI confirmed through searches of its Central Records System "that all responsive records fall within the scope of the waiver contained within the plea agreement because they all relate to Plaintiff's criminal case." Seidel Decl. ¶¶ 6-7; 17-21. Plaintiff has since clarified that all along he "has been seeking [ ] only the **FEDERAL SEARCH WARRANTS** associated with his criminal case," and he "does not care about any other record," including "information relating to any alleged victims in the case, witnesses, or investigations." Pl.'s Response in Opp'n to Def.'s Mot. for Summ. J. ¶ 4 [Dkt. # 34] (emphasis in original). Defendant counters that it has no records responsive to the perceived narrowed request. *See* Reply at 14-16.

## II.  LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The FOIA authorizes a district court "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). But it is established in this circuit that (1) "[c]riminal defendants may waive both constitutional and statutory rights provided they do so voluntarily and with knowledge of the nature and consequences of the waiver" and (2) the

3

government may invoke a criminal defendant's knowing waiver of FOIA rights to deny him access to records sought under the FOIA. *Price v. U.S. Dep't of Just. Att'y Off.*, 865 F.3d 676, 679, 683 (D.C. Cir. 2017) (internal quotation marks and citations omitted). But "like any other contract," such waivers are "unenforceable if the interest in its enforcement is outweighed [under] the circumstances by a public policy harmed by enforcement." *Id*. at 683 (alteration in original) (internal quotation marks and citations omitted)). In the criminal context, courts must "consider whether agreements with prosecutors 'further legitimate prosecutorial and public interests' before enforcing those agreements." *Id*. (quoting *Town of Newton v. Rumery*, 480 U.S. 386, 397 (1987)).

### III. DISCUSSION

In *Price*, the D.C. Circuit clarified:

> [W]e do not hold that FOIA waivers in plea agreements are always unenforceable. We simply hold that the government may not invoke *Price's* FOIA waiver as a basis for denying him access to the records he requests because, in this case, the government has given us no adequate rationale for enforcing this waiver in light of the public-policy harms Price has identified. That's it.

*Id*. at 683 (italic in original). In deciding whether to enforce the waiver provision at issue in this case, the Court must weigh any public policy harms identified by plaintiff against any criminal justice interests identified by the government.

Unlike *Price*, who offered "real-world examples" of obstacles to challenging his conviction if his waiver provision was enforced, *id.*, plaintiff has not identified a plausible "harm to public-policy that enforcement [of his agreement] would cause," *id*. He posits that the "un-constitutional plea waiver condition within his plea agreement" is "unconstitutionally preventing" him from obtaining evidence via FOIA or any other sources as the waiver is written, needed for any type of post-conviction relief." Opp'n ¶ 7. This vague assertion is

4

undermined by the fact that plaintiff has identified no obstacles to obtaining "material supporting an ineffective-assistance-of-counsel claim," *Price*, 865 F.3d at 683, which was the one claim he did not waive and that was considered extensively during post-conviction proceedings. *See Graham*, 2021 WL 5858585, at *3–8 (providing exhaustive account of trial counsel's performance and finding it constitutionally sound). Contrary to plaintiff's sweeping characterization, moreover, the waiver provision at issue does not preclude him from obtaining evidence from "other sources" or information unrelated to the underlying criminal case. *See* Seidel Decl. ¶ 30 (attesting that the waiver "applies to [plaintiff's] ability to access the records pertaining to his Criminal Case" and "does not prevent [him] from receiving other records under the FOIA or the Privacy Act"); *see also* Mateo Decl. ¶ 4 (attesting to the "liberal discovery policy" of the U.S. Attorney for the Southern District of Georgia that would have produced "the investigative reports and warrants relating to the crimes for which [plaintiff] is currently incarcerated" during the discovery phase of the criminal proceeding).

Further, plaintiff admits that he "does not claim to be innocent," Opp'n ¶ 12, and thus needing "to discover potentially exculpatory information," *Price*, 865 F.3d at 683. In fact, the Court agrees that plaintiff "has unambiguously and repeatedly admitted that he is guilty of the crime to which he pled guilty." Def.'s Mem. at 15. Apart from the admissions in the negotiated plea agreement the voluntariness of which is unquestioned, *Graham*, 2021 WL 5858585, at *5 n.3, and those made in open court at the plea hearing, plaintiff admitted his guilt in 2016 to an FBI agent executing a search warrant, Dkt. # 32-5 (Plea Hr'g Tr. at 39-42), and more recently in two verified motions to the sentencing court for compassionate release. In the first motion, plaintiff admitted that "the evidence in support of [his] conviction is strong" and that his "criminal history is not insignificant[.]" Dkt. # 32-6 at 2 (Aug. 13, 2020

5

Emer. Mot. to Reduce Sentence or for Compassionate Release).  In the second motion, plaintiff cited as his "earliest evidence" of "remorse" and accountability "his actions [ ] throughout the FBI investigator's records which show that he cooperated and admitted what he had done."  Dkt. # 32-7 at 2 (Apr. 12, 2021 Mot. to Reduce Sentence or for Compassionate Release).

Considering the other side of the scale, plaintiff has not refuted the government's legitimate criminal justice interests favoring enforcement -- the most compelling being to protect (1) the child victims of the crimes for which plaintiff was charged and (2) the "sensitive investigative techniques" used not only to secure plaintiff's conviction but also in ongoing criminal investigations of on-line child pornography.  Seidel Decl. ¶¶ 25-27, 29; *see also* Def.'s Mem. of P. & A. in Supp. of Mot. for Summ. J., Dkt. # 32-2 at 21-31 (identifying multiple prosecutorial and public interests favoring enforcement of the waiver).  Seidel attests:

> The plea agreement entered into by Plaintiff and the government provided benefits to both parties - Plaintiff avoided a criminal trial and had *three* counts of the indictment dismissed in exchange for allowing the government to conclude Plaintiffs criminal proceedings and allocate resources to other criminal matters.  The plea agreement also spared Plaintiff's victims from having to relive their trauma and from having such sensitive and painful details made public through a trial.  Thus, the plea agreement brought finality to the case for all parties.

Seidel Decl. ¶ 19 (emphasis in original).  Seidel adds that "some of the records contain graphic descriptions of the obscene material Plaintiff possessed," including "detailed descriptions of pictures and videos containing lewd and heinous acts inflicted upon minor victims including prepubescent children."  *Id*.  ¶ 28.  And while "[s]ome of the descriptions are clinical descriptions provided by investigators . . . others are explicit graphic descriptions provided by the pedophiles who created, reviewed, and/or shared the pictures and videos."  *Id.*.

Similarly, the lead Assistant U.S. Attorney in plaintiff's criminal case, who also served from 2016 to 2018 as her office's Project Safe Childhood Coordinator, attests to legitimate law enforcement interests in protecting child victims and legitimate prosecutorial interests in finality and resource conservation given that "[t]rials and post-conviction litigation use more governmental resources compared to resolving the case by plea agreement." Decl. of Marcela Claudia Mateo ¶¶ 5-9 [Dkt. # 32-4]; *see id.* ¶¶ 2, 5 (attesting to specialized knowledge and training "in the area of criminal law relating to violations of federal child exploitation laws and child pornography" and the traumatizing effects of "re-victimization"); *id*. ¶ 8 ("in exchange for the acceptance of responsibility and benefit of the plea agreement, Graham voluntarily agreed not to pursue records related to his case through FOIA"); *cf. with Price*, 865 F.3d at 681 (a " 'prosecutor is permitted to consider only legitimate criminal justice concerns in striking [a plea] bargain—concerns such as rehabilitation, allocation of criminal justice resources, the strength of the evidence against the defendant, and the extent of [a defendant's] cooperation with the authorities' ") (quoting *Rumery*, 480 U.S. at 401 (O'Connor, J., concurring)); *see also id*. (listing as a legitimate prosecutorial interest the desire to "spar[e] a victim 'the public scrutiny and embarrassment she would have endured' as a key witness if the case had gone forward.") (quoting *Rumery*, 480 U.S. at 398)). With respect to plaintiff's original FOIA request, then, the Court finds that defendant is entitled to summary judgment based on the waiver provision in the irrefutably valid plea agreement.[1] *See Graham*, 2021 WL 5858585, at \*5 & n.3 (noting that

---

[1]   To be clear, the disposition of this claim rests solely on principles of contract law. *See Price*, 865 F.3d at 680 (explaining that "this case is not about whether a document can be denied under one of the [FOIA] exemptions; it is simply about whether an agency, as a general matter, may decline to turn over records to somebody who has *specifically contracted* with the government not to seek them") (emphasis in original)). Because FOIA is a disclosure statute benefitting the general public, *see Stonehill v. I.R.S.*, 558 F.3d 534, 538–39 (D.C. Cir. 2009), nothing prevents non-parties to the instant plea agreement from independently requesting the same records and, if dissatisfied,

while "Graham does not argue his plea was not entered into knowingly and voluntarily," his counsel ineffectiveness claim "for failing to file a motion to suppress" was nonetheless "precluded because [he] entered a knowing and voluntary guilty plea").

In response to plaintiff's narrowed request for federal search warrants only, defendant, "putting aside the overriding" waiver issue, Reply at 15, posits "if the records Plaintiff seeks are limited to federal search warrants authorizing the surveillance of his internet usage during a specific time, then the FBI has no responsive records because the records Plaintiff requests do not exist," *id*. Ordinarily, this new explanation for nondisclosure might prompt the need for supplemental evidence and briefing. *See Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 35 (D.C. Cir. 2016) (noting that "once the government abandoned its original FOIA decision, the dispute between the parties centered on the correctness of the [agency's] . . . in-court disclosure decision"). But it is undisputed that plaintiff's clarification merely carves out one category of records sought from the original request, namely "[a]ll electronic (ESLUR) search warrants obtained pursuant to 18 U.S.C. § 2510 et seq. . . .," Reply at 15 (quoting FOIA Request at 2); Pl.'s Opp'n ¶ 2 (quoting same), and Seidel has attested that "all responsive records [sought in the original request] fall within the scope of the waiver contained within the plea agreement because they all relate to Plaintiff's criminal case," Decl. ¶ 6. Therefore, the Court finds that defendant has not "abandoned" its original decision that fully supports summary judgment.

---

pursuing their administrative and judicial remedies. That such might have occurred with respect to plaintiff's records, *see* Pl. Opp'n ¶¶ 5-7, 10, has no bearing on the outcome of this case.

## CONCLUSION

For the foregoing reasons, the Court concludes that defendant is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

_____s/s_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

DATE: February 11, 2022